UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Shannon Stone,**

   Plaintiff,

vs.

**Zeta Global Corp.,**
a Delaware corporation,

   Defendant.

**DEMAND FOR JURY TRIAL**
Case No. 21- cv-12736
Hon. Denise Page Hood
Mag. Elizabeth A. Stafford

_____

| | |
|---|---|
| **GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**<br>Raymond J. Carey (P 33266)<br>Attorneys for Plaintiff<br>30500 Northwestern Highway, Suite 425<br>Farmington Hills, MI 48334<br>(T) 248-865-0001<br>(F) 248-865-0002<br>Rcarey@work-lawyers.com | **SHEPPARD MILLIN RICHTER & HAMPTON LLP**<br>Mikela Sutrina<br>Kevin M. Cloutier (P81503)<br>Katherine H. Oblak<br>Attorneys for Defendant<br>70 West Madison St., 4th floor<br>Chicago, Illinois<br>(T) (312) 499-6300<br>(F) (312) 499-6301<br>kcloutier@sheppardmullin.com<br>koblak@shepperdmullin.com |

_____

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*ORAL ARGUMENT REQUESTED*

Plaintiff Sharon Stone ("Plaintiff"), by her attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., moves pursuant to

Fed.R.Civ.P. 15(a) for leave to file the proposed Second Amended Complaint attached as **Exhibit A** and in support of her motion states:

1. The undersigned counsel certifies that he conferred by Zoom on October 24, 2025, and communicated in writing by email with counsel for Defendant on October 25, 2023, seeking her stipulation to the filing of Plaintiff's proposed Second Amended Complaint, and on October 25, 2023, counsel for Defendant confirmed by email that she would not stipulate to its filing.

2. This is an action by Plaintiff Shannon Stone against Defendant Zeta Global Corp. for unequal pay, retaliation, and interference in violation of the Equal Pay Act of 1963, 29 U.S.C. §§ 201, *et seq.*, *see* 29 U.S.C. § 206, 29 U.S.C. §215(a)(3); for discrimination against Plaintiff on account of her sex, interference with and deprivation of Plaintiff's right to be free from discrimination on account of her sex, hostile work environment based on sex, and retaliation against Plaintiff because of her complaints about and opposition to Zeta's acts of discrimination against Plaintiff and others on account of sex and toleration of a work environment hostile to women because of their sex in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. §§37.2101, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*; breach of contract, promissory estoppel, unjust enrichment, and conversion in violation of

Michigan common law; and conversion in violation of M.C.L.A. 600. 2919a. **ECF No. 20**.

3. Plaintiff's claims arise out of the circumstances leading up to and including the constructive discharge of Plaintiff from her former Zeta employment, effective September 30, 2021. *Id.*

4. Plaintiff filed her original Complaint on November 23, 2021. **ECF No. 1**.

5. Plaintiff filed her pending Amended Complaint on May 27, 2022, adding her claims for violation of Title VII after the EEOC issued a requisite Notice of Right to Sue with respect to these claims. **ECF No. 20**.

6. Defendant filed an Answer to the Amended Complaint on June 10, 2022. **ECF No. 21**.

7. Defendant filed a motion to dismiss some of the claims asserted in the Amended Complaint on June 10, 2022. **ECF No. 22**.

8. The Court entered an Order granting in part Defendant's motion to dismiss on June 2, 2023. **ECF No. 47**.

9. Plaintiff seeks to amend her Complaint to redact the claims dismissed by the Court on June 2, 2023, and to include additional factual allegations as support for her pending claims for discrimination on account of sex in violation of Title VII and the ELCRA, for unequal pay in violation of the EPA, and for violations of other

Michigan statutes and common law. *See* **Exhibit A**: proposed Second Amended Complaint.

10. The additional factual allegations pertain to the facts and circumstances upon which her pending claims are premised. ***Id.***

11. No additional Counts will be asserted. ***Id.***

12. The parties currently are engaged in discovery and no depositions have yet to be taken by either of the parties in this case.

13. The additional factual allegations will conform with evidence thus far produced during discovery and Plaintiff's anticipated deposition and other testimony with respect to her allegations and claims.

14. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "should [be] freely give[n] when justice so requires."

15. Leave to amend Plaintiff's Complaint should be granted in this case because:

A. Plaintiff seeks to amend her Complaint to redact the claims dismissed by the Court on June 2, 2023, and to include additional factual allegations as support for her pending claims for discrimination on account of sex in violation of Title VII and the ELCRA, for unequal pay in violation of the EPA, and for violations of other Michigan statutes and common law;

B. The additional factual allegations pertain to the facts and circumstances upon which Plaintiff's pending claims are premised

C. no additional Counts will be pleaded;

D. the parties currently are engaged in discovery and no depositions have yet to be taken by either of the parties in this case;

E. the additional factual allegations will conform with evidence thus far produced during discovery and Plaintiff's anticipated deposition and other testimony with respect to her allegations and claims;

F. Plaintiff has not caused any *undue* delay; and

G. Defendant will not be unfairly prejudiced by the amendment.

**WHEREFORE,** Plaintiff Sharon Stone respectfully requests that this Court grant her Motion for Leave to File the proposed Second Amended Complaint attached as **Exhibit A**.

Respectfully submitted,

**GASIOREK MORGAN,**

*/s/ Raymond J. Carey*
Raymond J. Carey (P33266)
Attorneys for Plaintiff
30500 Northwestern Hwy., Ste. 425
Farmington Hills, MI 48334
(248) 865-0001

Date: November 1, 2023          rcarey@work-lawyers.com

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Shannon Stone,**

        Plaintiff,

vs.

**Zeta Global Corp.,**
a Delaware corporation,

        Defendant.

**DEMAND FOR JURY TRIAL**
Case No. 21- cv-12736
Hon. Denise Page Hood
Mag. Elizabeth A. Stafford

_____

| | |
|---|---|
| **GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**<br>Raymond J. Carey (P 33266)<br>Attorneys for Plaintiff<br>30500 Northwestern Highway, Suite 425<br>Farmington Hills, MI 48334<br>(T) 248-865-0001<br>(F) 248-865-0002<br>Rcarey@work-lawyers.com | **SHEPPARD MILLIN RICHTER & HAMPTON LLP**<br>Mikela Sutrina<br>Kevin M. Cloutier (P81503)<br>Katherine H. Oblak<br>Attorneys for Defendant<br>70 West Madison St., 4th floor<br>Chicago, Illinois<br>(T) (312) 499-6300<br>(F) (312) 499-6301<br>kcloutier@sheppardmullin.com<br>koblak@shepperdmullin.com |

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## **STATEMENT OF ISSUES PRESENTED**

Should leave to amend Plaintiff's Complaint be granted in this case because:

A.  Plaintiff seeks to amend her Complaint to redact the claims dismissed by the Court on June 2, 2023, and to include additional factual allegations as support for her pending claims for discrimination on account of sex in violation of Title VII and the ELCRA, for unequal pay in violation of the EPA, and for violations of other Michigan statutes and common law;

B.  The additional factual allegations pertain to the facts and circumstances upon which Plaintiff's pending claims are premised

C.  no additional Counts will be pleaded;

D.  the parties currently are engaged in discovery and no depositions have yet to be taken by either of the parties in this case;

E.  the additional factual allegations will conform with evidence thus far produced during discovery and Plaintiff's anticipated deposition and other testimony with respect to her allegations and claims;

F.  Plaintiff has not caused any *undue* delay; and

G.  Defendant will not be unfairly prejudiced by the amendment.

Plaintiff answers:  **Yes**

Defendant answers:  **No**

## INTRODUCTION

Plaintiff Shannon Stone ("Plaintiff") has moved pursuant to Fed.R.Civ.P. 15(a) to file the second Amended Complaint attached as **Exhibit A**. The Court should permit amendment of Plaintiff's Complaint for each of the reasons stated in her motion and in this brief.

## BACKGROUND

This is an action by Plaintiff Shannon Stone against Defendant Zeta Global Corp. for unequal pay, retaliation, and interference in violation of the Equal Pay Act of 1963, 29 U.S.C. §§ 201, et seq., *see* 29 U.S.C. § 206, 29 U.S.C. §215(a)(3); for discrimination against Plaintiff on account of her sex, interference with and deprivation of Plaintiff's right to be free from discrimination on account of her sex, hostile work environment based on sex, and retaliation against Plaintiff because of her complaints about and opposition to Zeta's acts of discrimination against Plaintiff and others on account of sex and toleration of a work environment hostile to women because of their sex in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. §§37.2101, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*; breach of contract, promissory estoppel, unjust enrichment, and conversion in violation of Michigan common law; and conversion in violation of M.C.L.A. 600. 2919a. **ECF No. 20**. Plaintiff's claims arise out of the circumstances leading up to and including the

constructive discharge of Plaintiff from her former Zeta employment, effective September 30, 2021. *Id.*

Plaintiff filed her original Complaint on November 23, 2021. **ECF No. 1**. She filed her Amended Complaint on May 27, 2022, adding her claims for violation of Title VII after the EEOC issued a requisite Notice of Right to Sue with respect to these claims. **ECF No. 20**.

Defendant filed an Answer to the Amended Complaint on June 10, 2022. **ECF No. 21**. It filed a motion to dismiss some of the claims asserted in the Amended Complaint on June 10, 2022. **ECF No. 22**. The Court entered an Order granting in part Defendant's motion to dismiss on June 2, 2023. **ECF No. 47**.

Plaintiff seeks to amend her Complaint to redact the claims dismissed by the Court on June 2, 2023, and to include additional factual allegations as support for her claims for discrimination on account of sex in violation of Title VII and the ELCRA, for unequal pay in violation of the EPA, and for violations of other Michigan statutes and common law. *See* **Exhibit A**: proposed Second Amended Complaint. The additional factual allegations pertain to the facts and circumstances upon which Plaintiff's pending claims are premised. *Id.* No additional Counts will be asserted. *Id.*

The parties currently are engaged in discovery and no depositions have yet to be taken by either of the parties in this case. The additional factual allegations will

conform with evidence thus far produced during discovery and Plaintiff's anticipated deposition and other testimony with respect to her allegations and claims.

## LAW AND ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have held that leave to amend should denied only when "there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"[J]ustice so requires" that Plaintiff be granted leave to amend her Complaint to include the additional allegations asserted in her proposed Second Amended Complaint because:

A. Plaintiff seeks to amend her Complaint to redact the claims dismissed by the Court on June 2, 2023, and to include additional factual allegations as support for her claims for discrimination on account of sex in violation of Title VII and the ELCRA, for unequal pay in violation of the EPA, and for violations of other Michigan statutes and common law;

5

  B. The additional factual allegations pertain to the facts and circumstances upon which her pending claims are premised;

  C. no additional Counts will be pleaded; and

  D. the additional factual allegations will conform with evidence thus far produced during discovery and Plaintiff's anticipated deposition and other testimony with respect to her allegations and claims;

  Moreover, none of factors which would justify denial of leave are present. There is no basis to argue that Plaintiff is acting in bad faith or with dilatory motive. Indeed, the parties currently are engaged in discovery and no depositions have yet to be taken by either of the parties in this case; Plaintiff has not caused any *undue* delay; and Defendants will not be unfairly prejudiced by the amendment.

  Accordingly, Plaintiff Shannon Stone respectfully requests that this Court grant her Motion for Leave to File the proposed Second Amended Complaint attached as **Exhibit A.**

            Respectfully submitted,

            **GASIOREK MORGAN,**

            */s/ Raymond J. Carey*
            Raymond J. Carey (P33266)
            Attorneys for Plaintiff
            30500 Northwestern Hwy., Ste. 425
            Farmington Hills, MI  48334
            (248) 865-0001
DATE: November 1, 2023     rcarey@work-lawyers.com

**LOCAL RULE CERTIFICATION:**

I, Raymond J. Carey, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

          */s/ Raymond J. Carey*
          **Raymond J. Carey (P33266)**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2023, I electronically filed the aforementioned document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record herein.

          */s/ Randi Hanlon*